**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Doe,<br>Plaintiff,<br>v.<br>International Motors LLC,<br>Defendant. | No. CV-26-00459-TUC-JGZ<br>**ORDER** |

Pending before the Court is Plaintiff John Doe's Motion to Seal Case and Proceed Under Pseudonym. (Doc. 1.) Plaintiff has also lodged the following documents on the docket: a Complaint (Doc. 2), a Memorandum of Points and Authorities in Support of Plaintiff's Application (Doc. 3), an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 5). For the following reasons, the Court will grant in part and deny in part Plaintiff's Motion to Seal Case and Proceed Under Pseudonym.

## I. Background

Plaintiff John Doe, proceeding pro se, initiated this action against Defendant International Motors, LLC, formerly known as Navistar, Inc. Plaintiff alleges that the action arises from a corporate fraud and transnational racketeering scheme involving real property that he claims to have owned continuously since December 29, 1982. (Doc. 1 at 1–2.) Plaintiff further alleges that the underlying conveyance, corporate vetting, and execution of transaction documents occurred in Arizona.

Plaintiff states that the concurrently filed Complaint is intended as a "protective placeholder skeleton document" and therefore omits identifying names and exhibits pending a ruling on his request for protective measures. (Doc. 1 at 2.) He represents that he intends to file a more comprehensive First Amended Complaint after the Court rules on his requests to proceed under a pseudonym and to seal the case.

Plaintiff alleges that he discovered the fraudulent transaction on October 30, 2024, and that, on the same day, he and his minor children were subjected to threats of death and physical injury. (*Id.*) He further alleges that, as a result, he obtained a restraining order, fled his residence, and entered an Arizona state protection and safety program. Plaintiff also states that the Pima County Superior Court previously authorized him to proceed under a pseudonym and imposed confidentiality protections based on the alleged threats and resulting displacement.

Plaintiff now asks this Court to permit him to proceed under the pseudonym "John Doe" and to seal the case from public access or, alternatively, maintain a redacted public record. (Doc. 1 at 1.)

## II. <u>Discussion</u>

### A. Motion to Proceed Under a Pseudonym

Generally, a party proceeding anonymously "runs afoul of the public's common law right of access to judicial proceedings, . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting Fed. R. Civ. P. 10(a)). However, when special circumstances justify secrecy, federal courts may allow parties to proceed under a pseudonym. *Id.* (collecting cases). In the Ninth Circuit, the standard is whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Where a pseudonym is used to shield a party from retaliation, the district court should evaluate three factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

Here, Plaintiff alleges that, on October 30, 2024, after discovering the alleged fraudulent transaction underlying this action, Plaintiff and Plaintiff's minor children were subjected to threats of death and physical injury. (Doc. 1 at 2.) Plaintiff further alleges that, as a result of those threats, Plaintiff obtained a restraining order, fled Plaintiff's residence, and entered an Arizona state protection and safety program. (*Id.*) Plaintiff also states that the Pima County Superior Court previously authorized him to proceed under a pseudonym and imposed confidentiality protections. (*Id.* at 2–3.) In its July 29, 2026 Order, the state court permitted Plaintiff to proceed publicly as "John Doe" and required the parties to file unredacted documents under seal and corresponding redacted versions on the public docket. The state court denied Plaintiff's request to seal the entire action, finding that less restrictive alternatives were available to protect his identifying information and the address of the property at issue. (Doc. 3 at 9–11.)

On this record, Plaintiff's need for anonymity outweighs any prejudice to Defendant and the public's interest in knowing Plaintiff's identity. The alleged harm—physical injury or death to Plaintiff or Plaintiff's minor children—is severe. Plaintiff's asserted fear is further supported by his participation in the Arizona Address Confidentiality Program and by a prior state court order authorizing confidentiality protections. (*See* Doc. 3 at 9–11.) At this stage, there is no apparent prejudice to Defendant from allowing Plaintiff to proceed under a pseudonym, particularly because Plaintiff's true identity may be disclosed to Defendant through appropriate confidential means if necessary to defend this action. Moreover, allowing Plaintiff to proceed under a pseudonym will preserve public access to the proceedings without disclosing his protected identity. *See Advanced Textile*, 214 F.3d at 1068–69. The Court will therefore grant Plaintiff's request to proceed under the pseudonym "John Doe," without prejudice to Defendant's ability to seek modification of this authorization as the litigation progresses.

**B. Motion to Seal**

Plaintiff also requests that the Court seal the entirety of this case from public access or, alternatively, maintain a redacted public record. (Doc. 1 at 1.) Because the public has a

general right to access judicial records, district courts apply a strong presumption in favor of access when evaluating sealing motions. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party moving to seal judicial records generally must overcome this presumption with "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. The compelling reasons standard applies to requests to seal the entire judicial record, and a party seeking such relief faces an especially heavy burden. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026–27 (9th Cir. 2014). Conclusory allegations of harm are insufficient to overcome the presumption of public access. *Id.*

Under Local Rule of Civil Procedure 5.6, documents may be filed under seal in an unsealed civil action only pursuant to a court order. LRCiv 5.6(a). A request to seal must set forth the facts and legal authority justifying sealing, and the documents proposed for sealing must be lodged separately with the Court. LRCiv 5.6(b)–(c).

Here, Plaintiff seeks to seal the entire judicial record, including the Complaint and supporting materials concerning the substance of his claims. Plaintiff has shown compelling reasons to protect his true name, residential address, identifying information concerning his minor children, and other information that would reveal his protected identity or location.

Plaintiff has not, however, demonstrated that sealing the entire case is necessary to protect those interests. Plaintiff states that the Complaint was intentionally drafted to omit highly identifying information and sensitive exhibits pending the Court's ruling on confidentiality. (Doc. 1 at 2.) The prior state court order on which Plaintiff relies likewise employed narrower protections rather than complete sealing of the action. (Doc. 3 at 9–11.) Those less restrictive measures, together with Plaintiff's ability to seek leave to file particular documents under seal pursuant to LRCiv 5.6, are sufficient at this stage to protect his asserted safety interests while preserving the public's right of access to judicial proceedings. Thus, Plaintiff has not demonstrated compelling reasons to seal the entire action.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal Case and Proceed Under Pseudonym (Doc. 1) is **granted in part and denied in part** as follows:

1. Plaintiff's request to proceed under the pseudonym "John Doe" is **granted**. All parties to this action must refer to Plaintiff in public filings as "John Doe."

2. Plaintiff's request to seal the entire case is **denied**.

3. Plaintiff may redact from *public* filings his true name, residential address, identifying information concerning his minor children,[1] information protected by the Arizona Address Confidentiality Program, and other information, including the address of the subject property, to the extent disclosure would reasonably reveal his protected identity or location.

4. When Plaintiff or any appearing party files a document containing redactions authorized by this Order, that party must also file an unredacted copy under seal. The unredacted copy must identify the parties by their true names and include any information redacted from the public filing. Plaintiff may seek leave to file particular documents or information under seal upon a showing that sealing is warranted and that less restrictive alternatives are inadequate, consistent with LRCiv 5.6.

5. Plaintiff shall provide his true name and current contact information to the Court under seal within **fourteen (14) days** of the date this Order is filed. Plaintiff is authorized to file this information under seal without filing a further motion, and the Clerk of Court shall maintain it under seal unless otherwise ordered.

6. The Clerk of Court shall unseal the case. Pursuant to LRCiv 5.6(e), Docs. 2, 3, 4, and 5 shall not be filed.

7. Plaintiff may resubmit his Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 5) for filing in the public record in a manner consistent with this Order and the Local Rules

8. Plaintiff shall either pay the applicable filing fee or resubmit his Application to

---

[1] In accordance with Federal Rule of Civil Procedure 5.2(a)(b), Plaintiff must only identify minors in any filing by the minor's initials.

Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) within **fourteen (14) days** of the date this Order is filed. The Application must be completed in full for the Court to consider granting the Application. The Application may be filed under seal in accordance with the procedures set forth in LRCiv 5.6.

9. Plaintiff must file a complaint consistent with this Order and the Local Rules within **fourteen (14) days** of the date this Order is filed. Failure to file a complaint within that time may result in dismissal of this action.

   a. Plaintiff must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The complaint must contain a short and plain statement of each claim, organized into separately identified counts and consecutively numbered paragraphs, each limited as far as practicable to a single set of circumstances. For each claim, Plaintiff must identify: (1) the law Plaintiff believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of the law; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Dated this 12th day of October, 2026.

Jennifer G. Zipps
Chief United States District Judge